# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ANNETTE JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: **4:07-CV-2203-VEH** |
| | ) |
| **HARTFORD LIFE AND** | ) |
| **ACCIDENT INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

## I.     INTRODUCTION AND PROCEDURAL HISTORY

This case was originally filed by Plaintiff Annette Johnson ("Johnson") in the Circuit Court of Etowah County against Defendant Hartford Life and Accident Insurance Company ("Hartford") on October 30, 2007. (Doc. #1 at 1; *id.* at Ex. A at Compl.). On December 6, 2007, Hartford removed the litigation from state to federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331 on the basis that Johnson's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. #1 at 1). Currently, there are four (4) pending motions as described more specifically below.

On February 29, 2008, Johnson filed a Motion for Summary Judgment, or Motion for Judgment on the Record (the "Johnson MSJ") (Doc. #12), along with supporting discovery. Johnson's accompanying brief (Doc. #11) was also filed then.

On March 11, 2008, the case was stayed (Doc. #15), by agreement of the parties while they attempted to settle the lawsuit. On May 27, 2008, the parties filed a Joint Status Report (Doc. #16), advising the court that "they [were] not in a position to settle this case and need[ed] to proceed with summary judgment briefing." (*Id.* at 1).

Subsequently, Hartford filed its Motion for Summary Judgment (the "MSJ) (Doc. #17), brief (Doc. #18), and evidentiary submission (Doc. #19) on June 13, 2008. Also on that same date, Hartford filed its opposition (Doc. #20) to the Johnson MSJ.

On June 25, 2008, Johnson filed a Motion to Remand (Doc. #21) to Hartford. Relatedly one day later, on June 26, 2008, Johnson filed a Withdrawal of Motion for Summary Judgment (the "Withdrawal Motion") (Doc. #22), and a Motion to Strike (Doc. #23), pertaining to "the alleged statement of Dr. LeForce with Plaintiff's treating physicians[.]" (Doc. #23 at 1).

After obtaining an extension of time, Johnson filed her brief (Doc. #27) and evidentiary submission (Doc. #28) in opposition to Hartford's Cross MSJ on July 10,

2008, and July 11, 2008, respectively. Hartford then filed its opposition to Johnson's Motion to Remand (Doc. #29) and to Johnson's Motion to Strike (Doc. #30) on July 14, 2008, and July 15, 2008, respectively.

On July 21, 2008, Hartford filed a reply (Doc. #33) in support of its MSJ. On July 22, 2008, Johnson filed a reply (Doc. #34) in support of her Motion to Strike. On July 23, 2008, the court entered a margin order that granted Johnson's Withdrawal Motion and termed the Johnson MSJ.

Subsequently, Johnson filed a Motion to Strike the "Wrap Document" as Attached to Hartford's Reply Submission in Support of Its Motion for Summary Judgment (the "Second Motion to Strike") (Doc. #35), as well as a Submission in Support of Motion to Strike (the "Submission") (Doc. #36) on July 25, 2008. The Submission pertains to Johnson's first Motion to Strike.

Therefore, to recap the four (4) current pending motions are: (1) Hartford's MSJ (Doc. #17); (2) Johnson's Motion to Remand (Doc. #21); (3) Johnson's Motion to Strike (Doc. #23); and (4) Johnson's Second Motion to Strike (Doc. #35). Because the court concludes that Johnson's Motion to Remand is due to be granted, the remaining three (3) pending motions are all due to be termed as moot.

**II.   STANDARD ON REMAND**

The general rule in the Eleventh Circuit is that "'a court should not resolve the

eligibility question on the basis of evidence never presented to [as ERISA plan's administrator] but should remand to the [administrator] for a new determination.'" *Jett v. Blue Cross Blue Shield*, 890 F.2d 1137, 1140 (11th Cir. 1989) (citations omitted). At the same time, there are exceptions to this rule. "We do not agree, however, that a remand to the plan administrator is appropriate in every case, *see Quesinberry* [*v. Life Ins. Co. of N. Am.*], 987 F.2d [1017,] 1025 n.6 [(4th Cir. 1993)], nor do we agree that our own precedent dictates that remand is appropriate in every case." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001).

A court's decision whether to remand a case to an administrator under ERISA is discretionary. *Levinson*, 245 F.3d at 1328 (framing review of remand issue as whether district court erred). This means a ruling denying or granting a motion to remand will be reviewed for abuse of discretion. *Id.*; *see also Davidson v. Prudential Ins. Co. of Am.*, 953 F.2d 1093, 1095 (8th Cir. 1992) (cited in *Levinson* and analyzing remand decision under abuse of discretion standard).

### III.   ANALYSIS

#### A.   Disability Claim History

After qualifying for and receiving short-term disability benefits, Johnson submitted her claim for long-term ones to Hartford. (Doc. #29 at 1). Hartford first

reviewed Johnson's long-term submission in December 2005. (Doc. #19 at 181, 406). On December 22, 2006, Hartford initially denied Johnson's disability claim. (*Id.* at 214-17, 293).

Johnson appealed this denial, and submitted additional records for Hartford to consider. (*Id.* at 235, 243-44). In a letter dated September 21, 2007, Hartford reaffirmed its initial denial of Johnson's long-term claim and issued its final decision. (*Id.* at 209-10).

Johnson's new evidence that was never presented to Hartford during the claims review process consists of two categories:

1) pain management records for 2008, which were provided to counsel for Hartford by letter dated March 19, 2008, and which all post-date Hartford's final denial of Johnson's claim on September 21, 2007; and

2) mental health records for 2006 and 2007, which were provided to counsel for Hartford by letter dated June 21, 2008, and which all pre-date Hartford's final denial of Johnson's claim on September 21, 2007, and some of which pre-date Hartford's initial denial of Johnson's claim on December 22, 2006. (*See* Doc. #21 at 1; Doc. #29 at 1, 3).

**B.     Considerations Relating to Motion to Remand**

In addition to relying upon the general remand rule from *Jett* in support of her

Motion to Remand, Johnson maintains that Hartford has a continuing duty to consider new evidence, citing *Shannon v. Jack Eckerd Corp.*, 113 F.3d 208, 210 (11th Cir. 1997):

> Nor can we say that the district court erred in directing the Plan administrator to consider subsequently available evidence. The district court relied on *Bucci v. Blue Cross-Blue Shield of Conn.*, 764 F. Supp. 728, 732 (D. Conn. 1991), holding that since a defendant's duty to provide benefits "is a continuing one, its refusal to provide benefits is thus a continuing denial, the propriety of which is measured against the information available from time to time." Eckerd's Plan administrator had an obligation to make a reasonably relevant inquiry and failed to do so at the time of the original determination. The district court did not err in directing that the Plan administrator consider all available evidence. As we stated in *Jett*, "<u>Should [the beneficiary] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to [the plan administrator] for a new determination</u>." 890 F.2d at 1140.  Accordingly, we AFFIRM.

*Shannon*, 113 F.3d at 210 (emphasis added).

Hartford attempts to distinguish *Shannon* on the basis that it is a medical health benefits claim (denial of coverage relating to pancreas transplant) versus a long-term disability one.  More specifically, Hartford states that "[c]ourts have subsequently distinguished this health insurance case from <u>disability</u> cases holding that in cases applying a deferential standard of review a disability claims administrator's decision is not wrong or unreasonable for not awarding disability based on insufficient information submitted to the administrator." (Doc. #29 at 7).

In offering this proposition, Hartford points to no controlling case law and instead references the district court case of *Cook v. BellSouth Corp.*, 385 F. Supp. 2d 1339, 1343-44 (N.D. Ala. 2005). The court has read the *Cook* decision and notes that the language used by that court in distinguishing *Shannon* relates to its varying procedural posture rather than the type of claim being sought: "Unlike *Shannon*, Plaintiff's claim was never remanded to Defendants for further consideration. Thus, this court must consider itself to be restricted to examining the evidence before the plan administrator when he denied disability benefits." *Cook*, 385 F. Supp. 2d at 1344.

Moreover, *Torres v. Pittston Co.*, 346 F.3d 1324 (11th Cir. 2001), cited by Johnson for the Eleventh Circuit's suggestion that a remand to the administrator to assess new evidence might be appropriate under the circumstances of that <u>disability benefits</u> case indicates that the particular type of claim at issue is not automatically determinative of the remand inquiry.[1] In any event, *Cook* does not support Hartford's primary position that a decision to remand in this case would be an abuse of discretion.

In opposing Johnson's Motion to Remand, Hartford primarily relies upon

---

[1] In making this remand proposal, the Eleventh Circuit also states: "We express no opinion thereon, preferring for the district court to assess the relevant facts and case law in the first instance." *Torres,* 346 F.3d at 1334.

language from the non-binding case of *Davidson*, *supra*:

> Thus, if Davidson believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, Davidson should have obtained this evidence and submitted it to Prudential. Having failed to do so, Davidson's offer of additional evidence at this point amounts to nothing more than a last-gasp attempt to quarrel with Prudential's determination that he is capable of gainful employment. <u>We thus reject Davidson's contention that the district court abused its discretion in refusing to either consider the additional evidence or remand the case to the plan administrator</u>.

953 F.2d at 1095 (emphasis added).

In *Levinson*, 245 F.3d at 1328, the Eleventh Circuit adopted the reasoning in *Davidson*, but applied it to an insurer's request to remand, not to a claimant's:[2]

> We find persuasive the Eighth Circuit's reasoning in *Davidson v. Prudential Ins. Co. of America*, 953 F.2d 1093 (8th Cir. 1992). In that case, <u>Davidson contended that the district court erred in refusing to remand the case to the plan administrator to consider a vocational report and a psychiatrist's report prepared after litigation had commenced</u>. *See id.* at 1095. The district court refused to remand, because "if Davidson believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, Davidson should have obtained this evidence and submitted it to Prudential." *Id.* <u>We find that this reasoning should apply with equal force to the insurance company as to the beneficiary</u>. Reliance had more than adequate opportunities to establish an administrative record containing evidence contradicting Levinson's evidence pointing to disability on two occasions: when it first considered Levinson's claim and upon Levinson's administrative appeal. Reliance did not do this. It was not until after litigation

---

[2]"In Levinson's case, Reliance-not the beneficiary-wanted a remand to consider evidence that would tend to show Levinson was not disabled." *Levinson*, 245 F.3d at 1328.

commenced that Reliance obtained evidence contradicting Levinson's evidence that he was disabled under the policy. Therefore, the district court's <u>refusal to remand</u> the issue of Levinson's eligibility for benefits to Reliance <u>should be upheld</u>.

*Levinson,* 245 F.3d at 1328 (emphasis added).

Therefore, *Levinson* stands for the general proposition that <u>declining to remand</u> to a claims administrator in an ERISA case is a discretionary decision and may not constitute an abuse of discretion under certain circumstances. What *Levinson* does not state (nor *Davidson* for that matter) is under what circumstances would a decision granting a request to remand be an abuse of discretion. Indeed, it is not even clear from the opinion in *Levinson* whether the Eleventh Circuit would have conversely found a decision <u>granting remand to be error there</u>. Instead, what is evident from *Levinson* is that it is an atypical case and an example of an exception to the general rule favoring remand when new evidence is at issue. *Id.*, 245 F.3d at 1330 ("We find that this case is an <u>unusual one</u>, in which the general rule of remand is neither appropriate nor necessary.") (emphasis added).

Moreover, neither side has pointed to (nor has the court been able to independently locate) a <u>reported</u>[3] Eleventh Circuit decision in which the reasoning

---

[3]Unpublished decisions by the Eleventh Circuit are neither binding on it nor on this court. *See Baker v. Birmingham Board of Education*, ___ F.3d ___, No.07-12349, 2008 WL 2510177, at *1 (11th Cir. June 25, 2008) ("[B]ecause *Palmer* is an unpublished decision, it is not binding precedent." (citing *Twin City Fire Ins.*

in *Davidson* (as applied to an insurer in *Levinson*) has since been extended to a claimant who seeks to remand on the basis of new evidence during the course of litigation. While *Levinson* certainly implies that is an acceptable possibility, at the same time the opinion does not demand such an outcome. Therefore, with this latitude, the court in its discretion, determines that remand is preferable given the particular circumstances of this case, and *Jett*'s general rule favoring remand when a plaintiff seeks to present new evidence.

Remand is "appropriate [and/or] necessary" in this instance for a number of reasons. *See Levinson*, 245 F.3d at 1330. One, while this case is not entirely new, it also is not one that has been dragging on for years, and in fact was stayed by virtue of the parties' <u>joint</u> request for over two (2) months. (Doc. #15). Two, while a remand based upon Johnson's preexisting mental health records admittedly involves closer questions, because this remand also includes pain records that did not exist at the time of the claims review process, completeness calls for Hartford to issue a new determination based upon all the additional records offered by Johnson.

Three, controlling case law makes it clear that it would not be appropriate for this court to consider these additional records in the first instance on summary

---

*Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007); 11th Cir. Rule 36-2)). Therefore, such opinions are comparable to decisions issued by other district courts and are at most only persuasive authority.

judgment, despite their interrelatedness to the overall question of Johnson's disabled *vel non* status. Four, acknowledging ERISA's competing congressional purposes as recognized by the Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), a remand is not so burdensome for Hartford and/or Wal-Mart, Johnson's employer, such that it outweighs the equally compelling considerations applicable to "enhanced protection for" employees, such as Johnson, who apply for benefits covered under a work-related policy of insurance. *Id.* at 497 ("[C]ourts may have to take account of competing congressional purposes, such as Congress' desire to offer employees enhanced protection for their benefits, on the one hand, and, on the other, its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place.").

**IV.  CONCLUSION**

Accordingly, for the reasons stated above, Johnson's Motion to Remand is due to be granted. Relatedly, all other pending motions are due to be termed as moot. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this the 31st day of July, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge